UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| **CHRISTINA SHIPLEY-WATERS,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**HELP AT HOME, LLC,** )<br>)<br>Defendant. )<br>) | CAUSE NO. 3:21-cv-112 |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Christina Shipley-Waters ("Shipley-Waters" or "Plaintiff"), by Counsel, brings this action against Defendant, Help at Home, LLC ("Defendant"), alleging violations of the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §12101 *et. seq.*; and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et. seq.* as amended.

## PARTIES

2. Plaintiff is a resident of Warrick County, Indiana, who at all relevant times to this action resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant, a foreign limited liability company, routinely conducts business within the geographical boundaries of the Southern District of Indiana.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 42 U.S.C. §12117, and 29 U.S.C. § 216(b).

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §12111(5)(A), 42 U.S.C. §2000e(b), and 29 U.S.C. § 203(d).

1

6. Plaintiff was an "employee" as that term is defined by 42 U.S.C. §12111(4) and 29 U.S.C. § 203(e)(1).

7. Plaintiff has a "disability" as that term is defined by 42 U.S.C. §12102(2).

8. Plaintiff satisfied her obligation to exhaust her administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission against Defendant alleging discrimination based on her disability. Plaintiff received her Notice of Suit Rights and timely files this action.

9. A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Southern District of Indiana; thus, venue is proper in this court.

## FACTUAL ALLEGATIONS

10. Shipley-Waters was hired by the Defendant on or about February 17, 2020, as a Wellness Nurse.

11. During her tenure, Shipley-Waters would work at Defendant's offices in the following locations: Evansville, New Albany, and Vincennes.

12. Shipley-Waters' job duties included:

   a. Traveling between the three offices noted;
   b. Maintain records for all three offices concerning patients with development disabilities;
   c. Treat patients at each location;
   d. Review patient medications, doctor appointments, and physical charts for each individual group home or assisted living apartment at these locations;
   e. Every two weeks, Plaintiff would teach new employees or existing employees who needed to be retrained how to administer medication and lifesaving first aid skills, and various in-services on how to assist patient's specific needs (i.e. remove and replace a catheter bag).

13. Throughout her employment, Shipley-Waters met or exceeded legitimate performance expectations.

14. Shipley-Waters suffers from severe asthma and therefore, suffers from a disability, as that term is defined by the ADA.

15. At the start of her employment, Shipley-Waters informed her Supervisor, Williams "JB" Best ("Best"), of her disability.

16. During her employment, COVID-19 ("COVID"), a deadly respiratory illness, appeared in the United States of America.

17. As COVID continued to spread, Shipley-Waters continued to inform the Defendant of her disability.

18. On or around March 2020, a student and/or employee approached Shipley-Waters with a fever and/or COVID like symptoms.

19. Shipley-Waters asked the student and/or employee to return home until their symptoms had subsided. Best called Shipley-Waters and told her to either allow the student and/or employee to enter the class or she would be terminated.

20. Plaintiff reminded Best of her disability and offered to train the student and/or employee in two-weeks at her next class. Best dismissed her concerns, threatened to terminate her, and threatened to call the V.P. of Defendant to terminate her.

21. On or around March 27, 2020, Shipley-Waters began to experience COVID like symptoms. She immediately informed Best and sought medical treatment.

22. Shipley-Waters was prescribed medication, told to self-quarantine, and provided a note stating that she could not work in-person but could work remotely.

23. Shipley-Waters provided said documents and information to Best.

24. On or around April 10, 2020, Shipley-Waters began to suffer from severe COVID symptoms. She was diagnosed with pneumonia but was "presumed positive" for COVID.

25. Shipley-Waters updated Best who responded by stating that, "We do not need to hear from you until you have a return-to-work letter."

26. On or about April 10, 2020, Shipley-Waters received a phone call from Best and the Area Supervisor, Michelle Young ("Young"). Both Best and Young asked Shipley-Waters if she was still experiencing COVID symptoms. Shipley-Waters responded that she was.

27. Due to her continued symptoms, Best and Young stated that, "In light of that, it has been two weeks and you aren't getting better. We are going to let you go, you are free to re-apply when you are better."

28. Defendant failed to engage in the interactive process in good faith and denied Plaintiff a reasonable accommodation.

29. Plaintiff has suffered harm as a result of the Defendant's actions.

## CAUSES OF ACTION

## COUNT I: DISABILITY DISCRIMINATION

30. Plaintiff hereby incorporates paragraphs one (1) through twenty-nine (29) of her Complaint.

31. Defendant discriminated against Shipley-Waters on the basis of her disability by subjecting her to disparate treatment.

32. Defendant discriminated against Shipley-Waters on the basis of her disability by failing to engage in the interactive process in good faith and denying her reasonable accommodations.

33. Defendant's actions were intentional, willful and in reckless disregard of Shipley-Waters' legally protected rights as protected by the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et. seq.*

34. Shipley-Waters has suffered damages as a result of Defendant's actions.

## COUNT II: FFCRA INTERFERENCE

35. Plaintiff hereby incorporates paragraphs one (1) through thirty-four (34) of her Complaint.

36. On March 18, 2020, President Donald J. Trump signed the "Families First Coronavirus Response Act" ("FFCRA").

37. Under the FFCRA, the Defendant was to offer Paid Sick Leave for Two Weeks under the FLSA to qualifying employees.

38. Shipley-Waters, as an individual who was told to self-quarantine, was a qualified employee.

39. Pursuant to FFCRA, Sec. 5103, an employer shall post and keep posted, in conspicuous places on the premises of the employer where notices to employees are customarily posted.

40. Defendant failed to post a notice and/or inform Plaintiff of her rights under the FFCRA.

41. Defendant unlawfully interfered with the exercise of Shipley-Waters' rights under the FFCRA.

42. Defendant's actions were intentional, willful, and in reckless disregard of Shipley-Waters' rights as protected by the FFCRA.

43. Shipley-Waters suffered damages as a result of Defendant's unlawful actions.

## COUNT III: FLSA VIOLATION UNDER THE FFCRA

44. Plaintiff hereby incorporates paragraphs one (1) through forty-three (43) of her Complaint.

45. Under the FFCRA, the Defendant was to offer Paid Sick Leave under the FLSA to qualifying employees.

46. Shipley-Waters, as an individual who was told to self-quarantine, was a qualified employee.

47. Under the FFCRA, any employer that violated an employee's rights under the FFCRA are subject to penalties pursuant to FLSA.

48. Defendant's actions were intentional, willful, and in reckless disregard of Shipley-Waters' rights as protected by the FFCRA and the FLSA.

49. Shipley-Waters suffered damages as a result of Defendant's unlawful actions.

## REQUESTED RELIEF

**WHEREFORE**, Plaintiff, Christina Shipley-Waters, by counsel, respectfully requests that this Court find for Plaintiff and order that the Defendant:

1. Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against any employee on the basis of his/her disability;

2. Reinstate Plaintiff to the position, salary and seniority level with all perquisites of employment lost as a result of Defendant's actions;

3. Order that Plaintiff be awarded any back pay she would have earned, including fringe benefits with related money benefits and interests thereon, absent Defendant's unlawful acts;

4. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

5. Award Plaintiff compensatory damages for Defendant's violations of the ADA;

6. Award Plaintiff punitive damages for Defendant's violations of the ADA;

7. Award Plaintiff liquidated damages for Defendant's violations of the FLSA;

8. Award the Plaintiff her attorney fees, litigation expenses, and costs incurred as a result of this action;

9. Pay to Plaintiff any and all other legal and/or equitable damages this Court sees fit to grant.

Respectfully submitted,

*s/ Taylor J. Ferguson*_____
Taylor J. Ferguson, #35524-22
Kyle F. Biesecker, #24095-49
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone:   (317) 991-4765
Facsimile:    (812) 424-1005
E-Mail:         tferguson@bdlegal.com
                    kfb@bdlegal.com
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff, Christina Shipley-Waters, by counsel requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

*s/ Taylor J. Ferguson*_____
Taylor J. Ferguson, #35524-22
Kyle F. Biesecker, #24095-49
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone: (317) 991-4765
Facsimile: (812) 424-1005
E-Mail: tferguson@bdlegal.com
kfb@bdlegal.com
Attorneys for Plaintiff